DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KAREN BEAUSEY (CABN 155258)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6598
    FAX: (415) 436-7234
    Karen.Beausey@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> APPROXIMATELY $2,034,520.55 IN UNITED STATES CURRENCY SEIZED BY LAW ENFORCEMENT ON OR ABOUT AUGUST 17, 2020, <br><br> Defendant. | CASE NO. <br><br> **VERIFIED COMPLAINT FOR FORFEITURE** *IN REM* |

The United States of America, by its attorneys, David L. Anderson, United States Attorney, and Karen Beausey, Assistant United States Attorney for the Northern District of California, brings this complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is a judicial forfeiture action, as authorized by Title 18, United States Code, Sections 981(a)(l)(A) and (C), 981(b), and 982(a), involving the seizure and forfeiture to the use and benefit of the United States of America the following property:

1

a. Approximately $2,034,520.55 in United States currency seized by law enforcement on or about August 17, 2020;

(hereinafter, the "Defendant Property"), as property constituting, or derived from, any proceeds of bank fraud (18 U.S.C. §1344) or wire fraud (18 U.S.C. §1343), and property involved in money laundering (18 U.S.C. §§ 1956 and 1957), and thereby forfeitable pursuant to 18 U.S.C. §§ 981(a)(l)(A) and (C).

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and the Defendant Property is located in this district.

4. Intra-district venue is proper in San Jose within the Northern District of California.

## PARTIES

5. Plaintiff is the United States of America.

6. The Defendant Property consists of:

a. Approximately $2,034,520.55 in United States currency seized by law enforcement on or about August 17, 2020.

7. The Defendant Property was seized by the United States Secret Service on August 17, 2020 pursuant to a federal seizure warrant authorized by United States Magistrate Judge Alex G. Tse, and is currently in the custody of the United States Secret Service.

## APPLICABLE LAW AND TRACING METHODOLOGY

8. Title 18, United States Code, Section 1343 makes it a crime to devise or intend to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, and to transmit or cause to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

2

9. Title 18, United States Code, Section 1344 makes it a crime to execute or attempt to execute a scheme or artifice to defraud a financial institution, or to obtain any moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

10. Title 18, United States Code, Section 1956(a)(1) makes it unlawful to conduct or attempt to conduct a financial transaction with the proceeds of a specified unlawful activity, knowing the transaction involved the proceeds of criminally derived property and knowing the transaction was designed in whole or in part to conceal the nature, source, location, ownership, or control of those proceeds.

11. Title 18, United States Code, Section 1957 makes it unlawful knowingly to engage or to attempt to engage in a monetary transaction with the proceeds of a specified unlawful activity in an amount greater than $10,000 by, though, or to a financial institution.

12. Title 18, United States Code, Section 981(a)(1)(C) provides for civil forfeiture of any property constituting or derived from proceeds the person obtained, directly or indirectly, as a result of a violation of Title 18, United States Code, Section 1344.  Title 18, United States Code, Sections 981(a)(1)(C) also provides for civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting a "specified unlawful activity" or a conspiracy to commit such offense. Title 18, United States Code, Sections 1956(c)(7) and 1961(1) define "specified unlawful activity" to include bank fraud and wire fraud in violation of Title 18, United States Code, Sections 1343 and 1344.

13. Title 18, United States Code, Section 981(a)(1)(A) provides for civil forfeiture of any property, real or personal involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956, 1957 or 1960.

14. Pursuant to 28 U.S.C. § 1355(b), a forfeiture action may be brought in any district court

where any of the acts giving rise to the forfeiture occurred, even as to property located in a foreign jurisdiction.

15. One of the chief goals of forfeiture is to remove the profit from crime by separating the criminal from his or her dishonest gains. *See United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011); United States *v.* Casey, 444 F.3d 1071, 1073 (9th Cir. 2006). To that end, if property appreciates in value or earns interest, any appreciation or interest is subject to forfeiture. *See United States v. Betancourt*, 422 F.3d 240, 250 (5th Cir. 2005); *United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998).

## **FACTS**

16. On July 2, 2020, the United States Secret Service, San Francisco Field Office, was contacted by a resident of Saratoga, CA (hereinafter referred to as "VICTIM"), to report that he had been the victim of fraud.

17. VICTIM was the prior owner of a company located in San Jose, CA. On June 28, 2018, VICTIM entered into an agreement with Northwest Plan Services Inc. to sell his company, with a final payment of $2,034,520.55 due to him by July 2020.

18. Throughout the sales process, VICTIM communicated with Northwest Plan Services Inc.'s Chief Financial Officer. These communications occurred via email and phone, primarily between VICTIM's work email address and the CFO's email address (XXXXXX@nwp401k.com).

19. On June 10, 2020, VICTIM sent an email to the CFO at XXXXXX@nwp401k.com in which he provided the CFO with the bank account number to be used to receive the final payment of $2,034,520.55.

20. VICTIM advised that he received the payment of $2,034,520.55, which represented the final payment for the acquisition of his company. VICTIM's bank account records confirm that on June 29, 2020, VICTIM received a wire transfer from Northwest Investment Consulting Inc., in the amount of

<sup>Case 3:20-cv-07463 Document 1 Filed 10/23/20 Page 5 of 9</sup>

$2,034,520.55.

21. Immediately upon receipt of the payment, VICTIM received an email from email address XXXXXX@nwp4o1k.com asking that the funds be returned. Specifically, the email advised VICTIM that the payment had inadvertently been sent from the wrong account by Northwest Plan Services, Inc. The email requested that VICTIM return the funds to Northwest Plan Services, Inc. in order to avoid tax implications, and stated that Northwest Plan Services, Inc. would immediately initiate a new transfer from the proper account. The email contained an account number to which VICTIM was to return the funds.

22. VICTIM believed the email had been sent by the CFO, who he knew used email address XXXXXX@nwp401k.com. However, upon closer inspection it can be seen the sender of the email had replaced the zero in the CFO's actual email domain ("nwp4**0**1k") with the letter "o," producing a different email domain ("nwp4**o**1k.com"). This is a technique known as "spoofing."

23. Believing the email had been sent by the CFO, VICTIM followed the directions provided in the email and sent a wire transfer for $2,034,520.55 to the account identified in the spoofed email. The transaction failed because the routing number provided in the spoofed email was invalid. Still believing he was dealing with the CFO, VICTIM sent a reply email to the spoofed email address (XXXXXX@nwp4o1k.com) advising of the issue.

24. The next day, on June 30, 2020, VICTIM received a follow up email from the spoffed email address (XXXXXX@nwp4o1k.com) instructing him to wire the funds to JPMorgan Chase Bank account number XXXXXXX611, held in the name of an attorney with the attorney as sole signor (the "x611 Account"). Still believing he was conversing with the CFO, VICTIM initiated a wire transfer in the amount of $2,034,520.55 to the x611 Account.

25. On July 2, 2020, when no second wire transfer had been received from Northwest Plan Services, Inc., VICTIM contacted the CFO via telephone to advise that he had not yet received the

<sup>5</sup>

corrected wire transfer. The CFO stated he had no knowledge of the communications to which VICTIM was referring, and that there had never been any issue requiring VICTIM to return the funds. It was at that time VICTIM learned of the fraud and immediately contacted the Secret Service.

26. The Secret Service contacted JP Morgan Chase bank on the morning of July 3, 2020. JP Morgan Chase Bank froze the x611 Account and confirmed the funds were present in the account and had not been accessed since being deposited.

27. On July 21, 2020, USSS agents interviewed the attorney controlling the x611 Account by telephone in the presence of his attorney. The attorney advised his account at JP Morgan Chase bank is an IOLTA (Interest on Lawyers Trust Account) in the name of his law firm, with him as the sole proprietor. The IOLTA account was established for legal and legitimate services related to his legal practice.

28. The attorney stated that on March 27, 2020, he received an email message from a subject named "GEORGE TAYLOR," utilizing email address "engr.gtaylor@gmail.com." In the message, TAYLOR stated he was in need of an attorney to perform escrow services relating to the purchase of a construction crane from a company named Elk Grove Mechanical. On March 28, 2020, the attorney responded to TAYLOR via email and advised he could assist in the transaction. The attorney received an email containing the escrow instructions and the signed sales agreement between TAYLOR (as the purchaser) and "Anderson Frank" (as the alleged seller), identifying a sales price of $2.5 million.

29. On June 30, 2020, the attorney received an email from TAYLOR informing him that TAYLOR had wired a good faith deposit of $2,034,520.20 from TAYLOR's financial broker's account ending in XXXXXXX7337. TAYLOR claimed his broker's name was the name of the VICTIM, and that the money was being sent from a Wells Fargo account. The attorney received the deposit later that day. However, he became concerned because the deposit amount was $2,034,520.55, a couple cents off from the amount TAYLOR had stated was going to be deposited. The attorney attempted to contact

TAYLOR via telephone; however, the person who answered the phone and claimed to be TAYLOR sounded different to the attorney from the person he had spoken with previously.  The attorney did not disclose any information and ended the call.  The attorney then contacted Elk Grove Mechanical, from whom the crane was allegedly being purchased, and learned that Elk Grove Mechanical did not employ anyone by the name of "Anderson Frank" and that it was not in the business of selling cranes, but it did have a crane for sale for $100,000.  The attorney was also concerned because as an escrow agent for the purchase of a crane, he should have information pertaining to inspection of the crane and delivery; however, he did not have any of that information.  Because of these issues, he became increasingly suspicious.

30. On July 1, 2020, the attorney received an email from TAYLOR giving the attorney instructions to wire $200,000 of the deposited funds to a bank account in Hong Kong.  The attorney emailed TAYLOR (engr.gtaylor@gmail.com) and advised TAYLOR he had become skeptical of the escrow services.  The attorney then ceased communications with TAYLOR and immediately contacted his attorney.

31. The attorney informed USSS agents that the Defendant Property was not his property and that he had not accessed the funds.

32. On August 12, 2020, the Honorable Alex G. Tse, United States Magistrate Judge for the Northern District of California, found there was probable cause to believe the Defendant Property was subject to forfeiture as proceeds of wire and bank fraud in violation of 18 U.S.C. §§ 1343 and 1344 and authorized seizure of the Defendant Property by the USSS.  On or about August 17, 2020, the seizure warrant was executed at JP Morgan Chase Bank, resulting in the seizure of the Defendant Property from the x611 Account.

## **CLAIM FOR RELIEF**

1. The United States incorporates by reference the allegations in paragraphs 1 through 32 as

7

though fully set forth herein.

2. In light of the foregoing, and considering the totality of the circumstances, there is probable cause to believe that the Defendant Property represents proceeds traceable to bank fraud in violation of 18 U.S.C. §1344, and wire fraud in violation of 18 U.S.C. §1343. As such, the Defendant Property is forfeitable pursuant to pursuant to 18 U.S.C. § 981(a)(l)(C) and 981(b).

3. There is also probable cause to believe the Defendant Property was involved in money laundering. The request to the attorney to transfer $200,000 of the Defendant Property from JP Morgan Chase to a foreign bank account constituted an attempted to engage in a monetary transaction with the proceeds of a specified unlawful activity (bank fraud and wire fraud) in an amount greater than $10,000 by, though, or to a financial institution in violation of 18 U.S.C. § 1957. It also constituted an attempt to conduct a financial transaction with the proceeds of a specified unlawful activity, knowing the transaction involved the proceeds of criminally derived property and knowing the transaction was designed in whole or in part to conceal the nature, source, location, ownership, or control of those proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii). As a result the Defendant Property was also involved in money laundering and is forfeitable pursuant to 18 U.S.C. §§ 981(a)(l)(A).

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of the Defendant Property; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; and that judgment of forfeiture be entered; that the Court enter judgment forfeiting the Defendant Property; and that the United States be awarded such other relief as may be proper and just.

DATED: October 23, 2020                    Respectfully submitted,

                                          DAVID L. ANDERSON
                                          United States Attorney

                                          Karen D. Beausey
                                          Assistant United States Attorney

## VERIFICATION

I, United States Secret Service Special Agent Alexander J. White, state as follows:

1. I am a Special Agent with the United States Secret Service. I am a case agent assigned to this case. As such, I am familiar with the facts and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained therein to be true.

\*   \*   \*   \*   \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22 day of October, 2020, in San Francisco, California.

_____
Alexander J. White, Special Agent
United States Secret Service

JS-CAND 44 (Rev. 10/2020)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Karen Beausey
450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

## DEFENDANTS
Approximately $2,034,520.55 in United States Currency Seized by Law Enforcement On or About August 17, 2020

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | [X] 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| | 350 Motor Vehicle | 371 Truth in Lending | 790 Other Labor Litigation | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced & Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 385 Property Damage Product Liability | **IMMIGRATION** | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 362 Personal Injury -Medical Malpractice | | 462 Naturalization Application | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | 440 Other Civil Rights | **HABEAS CORPUS** | | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | **OTHER** | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 448 Education | 540 Mandamus & Other | | | |
| 290 All Other Real Property | | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation–Transfer
[ ] 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 18, United States Code, Sections 981(a)(1)(A) and (C), 981(b) and 982(a)
Brief description of cause:
Fraud and Money Laundering Forfeiture

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:
JUDGE
DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*
[X] SAN FRANCISCO/OAKLAND
[ ] SAN JOSE
[ ] EUREKA-MCKINLEYVILLE

**DATE** 10/23/2020   **SIGNATURE OF ATTORNEY OF RECORD** *Karen Beausey*